UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YASMINE N. BLACK,

                      Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY,

                      Defendant.

25-CV-5126 (RA)

ORDER OF SERVICE

RONNIE ABRAMS, United States District Judge:

      Plaintiff, who is proceeding *pro se*, brings this action under the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. She alleges that her employer discriminated against her based on her disability and age. By order dated June 25, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

      Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (stating that the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is further directed to mail an information package to Plaintiff.

Plaintiff may receive court documents by email by completing the form, Consent to Electronic Service, available at https://nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf. If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

SO ORDERED.

Dated:   July 29, 2025
         New York, New York

_____
RONNIE ABRAMS
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

New York City Housing Authority
90 Church Street
New York, N.Y. 10007

4